UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN C. CAMPBELL,<br><br>    Plaintiff<br><br>v.<br><br>NANCY A. BERRYHILL[1], Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 5:16-CV-01051-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Plaintiff Lauren C. Campbell appeals from the Commissioner's denial of Supplemental Security Income ("SSI"). Plaintiff alleges disability since February 12, 2011, based on symptoms stemming from arthritis in her neck, shoulder, and hip; a herniated disc in her neck; Irritable Bowl Syndrome ("IBS"); depression and anxiety. [Dkt. 24 ("Pltf.'s Mem.").] Her application for benefits was denied initially and on reconsideration. An Administrative Law Judge ("ALJ") held a

---

[1] The Court notes that Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn W. Colvin as the defendant in this action.

hearing on July 9, 2014 [Dkt. 15, Administrative Record ("AR") 20.], and subsequently denied benefits. [AR 25.] Plaintiff appealed to the District Court, and both parties consented to proceed before the undersigned Magistrate Judge. [Dkts. 11, 12.]

Plaintiff presents three issues for review:

1. Whether the ALJ erred in her analysis of the medical evidence. Here, Plaintiff primarily challenges whether substantial evidence supports the ALJ's failure at step two of the five-step inquiry to find that certain of Plaintiff's alleged ailments amount to legally severe impairments, and, relatedly, whether the ALJ's error, if any, is harmless;

2. Whether the ALJ had specific, legitimate reasons to reject the assessment of treating physician Dr. Adrienne Beck regarding Plaintiff's diagnosed Ehlers Danlos syndrome, in assessing Plaintiff's Residual Functional Capacity ("RFC"); and

3. Whether the ALJ had a clear and convincing reason supported by substantial evidence for finding Plaintiff's subjective complaints to be less than fully credible.

[Pltf.'s Mem., *passim*.]

In order to avoid repetition and for additional reasons, the Court addresses these issues in a different order than did the parties. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

## GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

Even if Plaintiff shows that the ALJ committed legal error, "[r]eversal on account of error is not automatic, but requires a determination of prejudice." *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012) (internal citation omitted). "ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination[.]'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (internal citation omitted).

In this case, the Court finds that any error by the ALJ in not considering certain of Plaintiff's medical conditions to be legally severe, and the related issue of whether Plaintiff's impairments met or equaled the requirements of a listing, is harmless. However, the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's subjective complaints of debilitating pain, thus requiring remand. The Court declines to address the remaining issue raised by Plaintiff – whether the ALJ properly discounted the functional assessment of Plaintiff's treating physician – but notes that, given that the record is now complete (certain pages of the physician's assessment were missing from the record in the administrative proceedings), the ALJ may wish to address this issue as well on remand.[2]

---

[2] Although the Court suggests that the ALJ address this issue in further proceedings, the Court notes that it was Plaintiff's fault, not that of the ALJ, that these pages were missing. It was not immediately apparent from the form itself that pages were missing, and it was not pointed out by Plaintiff's counsel at any stage of the proceedings below, including on appeal. The record in this case is enormous – amounting to three huge volumes of medical records. In the Court's view, the ALJ made an admirable attempt to evaluate the large amount of information presented, particularly given the enormous caseload carried by Social Security judges.

3

# DISCUSSION

## I. Even Assuming The ALJ Erred In Making Her Step Two Determination by Failing to Identify All of Plaintiff's Severe Impairments, Any Such Error Was Harmless.

Plaintiff contends that the ALJ made two related errors in her evaluation of the medical evidence. [Pltf.'s Mem. at 2.] First, Plaintiff contends that the ALJ failed to identify all of Plaintiff's severe impairments. Second, Plaintiff contends that because of the first failure, the ALJ then failed to fully consider whether Plaintiff's impairments meet or equal any listing for physical disorders. [*Id.*]

The ALJ determined at step two of the 5-step analysis that Plaintiff has the following severe impairments: "cervical herniated disc; irritable bowel syndrome (IBS); right shoulder degenerative joint disease; panic disorder; major depression; and obsessive compulsive disorder (OCD)." [AR 22.] The Court need not address whether the ALJ erred in making these findings, because the Court finds that any error was harmless.

At step two of the sequential evaluation process, a plaintiff has the burden to present evidence of medical signs, symptoms, and laboratory findings that establish a medically determinable physical or mental impairment that is severe and can be expected to result in death or last for a continuous period of at least 12 months. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004-05 (9th Cir. 2005) (citing 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D)); *see* 20 C.F.R. §§ 404.1520, 404.1509). Substantial evidence supports an ALJ's determination that a claimant is not disabled at step two when "there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment." *Ukolov*, 420 F.3d at 1004-05 (citing Social Security Ruling ("SSR") 96-4p). An impairment may never be found on the basis of the claimant's subjective symptoms alone. *Id.* at 1005.

Step two is "a de minimis screening device [used] to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Applying the

applicable standard of review to the requirements of step two, a court must determine whether an ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005); *see also Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here."). An impairment or combination of impairments is "not severe" if the evidence established only a slight abnormality that had "no more than a minimal effect on an individual's ability to work." *Webb*, 433 F.3d at 686 (internal citation omitted).

Even if an ALJ errs by finding one or more of a plaintiff's alleged impairments nonsevere, such error is harmless if he nevertheless considers the impairments when determining the plaintiff's RFC at step four. *See Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007) (failure to address particular impairment at step two harmless if ALJ fully evaluated claimant's medical condition in later steps of sequential evaluation process); *see also Stout,* 454 F.3d at 1055 (ALJ's error harmless when "inconsequential to the ultimate nondisability determination").

In this case, Plaintiff contends the ALJ erred by not finding that Plaintiff's diagnosed Ehlers Danlos syndrome (a disease that can cause loose joints, chronic pain, and bruising), scoliosis (side to side curvature of the spine), and kyphosis (upper back spinal curvature) were severe impairments. [Pltf.'s Mem. at 3.] However, it is not necessary for the ALJ to specifically identify each ailment at step two as severe so long as the ALJ does not find non-disability at that step (*i.e.*, the analysis proceeds beyond the gate-keeping function of step two) and the evidence of a claimant's medical issues that would support any limitations is considered in crafting her RFC. As the Commissioner correctly notes [Def.'s Mem. at 3-4], the ALJ's analysis of Plaintiff's symptoms, including complaints of pain, looseness of

her hip joints, and difficulty concentrating due to these symptoms, was considered and is consistent with the medical record as a whole. [*Id.*, discussing medical evidence consistent with generally normal physical exams, normal strength and range of motion, conservative or no treatment for a specific disorder, and failure to exercise despite medical advice to do so) (internal record citations omitted).] In addition, Plaintiff's RFC limits her to light work, sitting/standing/walking for 6 hours out of an 8 hour day, occasional postural limitations, and only occasional overhead reaching with her right arm. [AR 24.] She also is not to have concentrated exposure to unprotected heights, and was limited to simple repetitive work with only occasional interactions with coworkers and the general public. The Court thus finds that any error the ALJ may have committed at step two was harmless. Remand is not warranted for this reason.

## II. The ALJ Did Not Provide a Clear and Convincing Reason to Reject Plaintiff's Credibility.

### A. Standard for Assessing Credibility

Plaintiff also challenges the ALJ's determination that Plaintiff's complaints of pain and testimony stating that she spends the majority of her time in her room to be less than credible. [Pltf.'s Mem. at 9-10.] This is a close issue, but, ultimately, the Court finds that remand is warranted.

"Where, as here, an ALJ concludes that a claimant is not malingering, and that she has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015) (internal quotation omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* at 493 (internal quotation omitted).

6

"The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tomasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *see also Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (explaining that acceptable bases for credibility determination include (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition). Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation omitted).

An ALJ may rely on "testimony about the claimant's daily activities" to "discredit an allegation of pain." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The underlying theory is that if "a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working." *Id.*

That said, the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more

than merely resting in bed all day[.]" *Garrison v. Colvin*, 759 F.3d 995, 1015-16 (9th Cir. 2014). This is because "[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits," *Fair*, 885 F.2d at 603, and "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability," *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001). But "[i]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

**B. Plaintiff's Credibility**

In this case, the ALJ relied primarily on a lack of medical evidence of the severity of Plaintiff's physical symptoms to find her less than credible, despite three volumes of medical records that evidence repeated complaints of pain and of symptoms that would reasonably be expected to cause plain and chronic discomfort. As the Ninth Circuit has often held, an ALJ may not find a claimant not to be credible "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Comm'r of Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *e.g.*, *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) ("the adjudicator may not discredit the claimant's allegations of the severity of pain solely on the ground that the allegations are unsupported by objective medical evidence.") Of course, "[a]lthough lack of medical evidence cannot form the sole basis for discounting [subjective] testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Because, as set forth herein, the Court does not find the other reasons set forth by the ALJ to be clear and convincing, the alleged lack of medical evidence supporting the severity of Plaintiff's complaints of pain and mental

8

limitations is not alone sufficient.

The ALJ also points out an alleged inconsistency between Plaintiff's contention that she spends much of her time isolated at home and her social activities, but makes only the general statement that "progress notes indicate that she is actually more socially active than she reports," without specific citations to the record. [AR 27.] It is unclear what the ALJ was considering in making this statement, although this is a deficiency that may well be fixed on remand.

Finally, the ALJ relies on the fact that Plaintiff obtained a GED and a certification in phlebotomy to find that Plaintiff's allegations of inability to work are less than credible. These purported inconsistencies between Plaintiff's complaints and her activities of daily living might ultimately be sufficient to support the ALJ's credibility determination, but at this point, there is insufficient evidence in the record to make such a finding. At the hearing, the ALJ asked Plaintiff where she got her GED. [AR 35.] Plaintiff answered only that she "took the test at the Chaffey High School." [*Id.*] There were no follow up questions from the ALJ. Thus, there is no indication that she did anything *other* than take the test, so this is not indicative of an ability to hold full time employment. Likewise, the fact that Plaintiff obtained a certification (one which she never used) and attended college "on and off for about two years" [AR 35-36], is insufficient, without more detail about class requirements, *etc.*, to show some equivalency between the requirements for Plaintiff to obtain her phlebotomy credential and those of full time work.

As noted above, the Court finds this to be a close call, but ultimately holds that the ALJ did not provide at least one clear and convincing reason supported by substantial evidence for rejecting Plaintiff's subjective complaints. For this reason, remand is warranted.

## CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v.*

9

*Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"); *Harman*, 211 F.3d at 1180-81.

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: May 24, 2017

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

10